UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00178
No. 5:22-MC-00032

| | |
|---|---|
| JULIE A. SU,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT<br>OF LABOR,<br>    Petitioner,<br><br>v.<br><br>SOUTHERN LIVING FOR SENIORS<br>OF LOUISBURG NC, LLC,<br>    Respondent. | **ORDER** |

This matter is before the Court on the Secretary of the United States Department of Labor's (DOL) petition for adjudication in civil contempt for the failure of Southern Living for Seniors of Louisburg NC, LLC (Southern Living) to comply with the administrative subpoena *duces tecum* issued by the DOL's Wage and Hour Division on March 14, 2022. [DE 1-2].

On April 24, 2023, the Court entered on its docket an order directing Southern Living to comply with the subpoena or "show cause" why it should not be required to comply with the subpoena within seven days of entry of the order. [DE 7]. The Order stated, "Failure to comply with the terms of this order may result in a finding of contempt." [DE 7]. The DOL served the Court's Order along with a copy of the subpoena on Southern Living on May 1, 2023. [DE 8-2]. At the time of filing of the contempt petition, Southern Living had not produced the documents and records described in the subpoena. [DE 8-2]. Southern Living has not caused to be filed in this case any reason why it should not be required to comply with the subpoena.

On May 31, 2023, the DOL filed the instant contempt petition and requests that the Court find Southern Living in contempt and impose sanctions, including a daily fine, until the contempt is

purged. [DE 8-1]. To establish that a finding of civil contempt is appropriate, a party must demonstrate by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) ... that the decree was in the movant's "favor"; (3) ... that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) ... that [the] movant suffered harm as a result.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (alterations in original, citation omitted). Civil contempt is remedial and is imposed in order to "coerce compliance with an order of the court or to compensate for losses or damages caused by noncompliance." *Carbon Fuel Co. v. United Mine Workers of Am.*, 517 F.2d 1348, 1349 (4th Cir. 1975) (*quoting S. Ry. Co. v. Lanham*, 403 F.2d 119, 124 (5th Cir. 1969)).[1] Civil contempt is also "forward-looking [and] terminable if the contemnor purges himself of the contempt . . . ." *Windsor Power House Coal Co. v. Dist. 6 United Mine Workers of Am.*, 530 F.2d 312, 316 (4th Cir. 1976) (internal quotations, alterations, citation omitted). Civil contempt sanctions require notice and an opportunity to be heard prior to their entry. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

The Court ordered that Southern Living appear and show cause on August 23, 2023, why it should not be held in contempt for failing to comply with the Court's prior order. [DE 10]. A show cause hearing was held on August 23, 2023, before the undersigned at Raleigh, North Carolina. Despite having received notice of the hearing [DE 11], Southern Living did not appear to show cause why it should not be held in civil contempt. At the hearing, counsel for DOL informed the Court that on August 22, 2023, it had received an email from Mark Simmons,

---

[1] Criminal contempt, on the other hand, "is intended to vindicate the authority of the court, and cannot be purged by any act of the contemnor." *Id.* (*citing Nye v. United States*, 313 U.S. 33, 43 (1941)). Criminal contempt proceedings require full criminal process. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 833 (1994).

owner of Southern Living. In the email, Mr. Simmons confirmed that he had received notice of the show cause hearing and stated he would not be appearing. Counsel for DOL also confirmed that Mr. Simmons had provided some responsive documents to DOL via electronic means, but that it does not appear Southern Living has fully complied with the subpoena.

The Court may impose sanctions for civil contempt to coerce obedience to a court order and contempt is appropriate when a party has violated an unequivocal command of an order. *In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995). The Court unequivocally commanded that Southern Living comply with the administrative subpoena or show cause as to why it could not. Additionally, the Court warned Southern Living that failure to comply may result in a finding of contempt. Southern Living was served with the Court's order and failed to comply within seven days of service or at any time prior to its partial compliance on August 22, 2023, despite DOL's repeated attempts to contact Southern Living. *See* [DE 8-2] Blalock Decl. ¶¶ 2 – 4. By email correspondence to Mr. Simmons on May 11, 2023, DOL informed Southern Living that DOL's next step would be to file a contempt petition if it did not hear back from Southern Living by May 25, 2023. DOL has been harmed by Southern Living's non-compliance because it has been prevented from conducting its investigation and it has been impeded from bringing a timely action due to Southern Living's conduct.

Southern Living's eleventh-hour submission of documents to DOL does not change the result. Southern Living's failure to comply with this Court's April 24, 2023, order within any reasonable period from the date of its entry and service is sufficient. Moreover, Southern Living then violated a second order of the Court when, despite confirming that it had received notice, it did not appear to show cause why it should not be held in civil contempt. Accordingly, DOL has demonstrated by clear and convincing evidence the existence of a valid decree of which Southern Living had knowledge, that the decree was in DOL's favor, that Southern Living has violated the

terms of the decree and has knowledge of its violations, and that the DOL has suffered harm. A finding of civil contempt is therefore warranted.

A court has broad discretion to determine the appropriate remedy for civil contempt. *In re Gen. Motors Corp.*, 61 F.3d at 259. These remedies may include a compensatory fine or coercive daily fine, attorney fees and expenses, as well as coercive incarceration. *Harris v. McCarthy*, No. CV JKB-18-3562, 2021 WL 4133859, at *2 (D. Md. Sept. 10, 2021) (citation omitted).

In this case, the Court concludes that a coercive daily fine and an award of attorney fees and expenses are warranted. Additionally, the Court will toll the limitations period as requested due to Southern Living's dilatory behavior.

## CONCLUSION

Accordingly, the DOL's petition for adjudication in civil contempt is **GRANTED**. Southern Living is hereby held in **CONTEMPT**. As such, the Court orders the following:

1. The Court **ORDERS** that Southern Living pay a coercive daily fine of $500 per day to the Department of Labor until the contempt is purged. The daily fine shall commence the day after Southern Living receives a copy of this order at its principal place of business and continue until Southern Living has satisfied its obligations under the subpoena. Because Southern Living has provided some responsive documents, the DOL shall determine when Southern Living's obligations under the subpoena have been satisfied, and thus when the contempt has been purged, and file notice of the same with the Court. DOL shall, with its service of this order, notify Southern Living of the manner in which it requests to receive the coercive daily fine.

2. Southern Living is also **ORDERED** to reimburse counsel for the DOL his costs and expenses associated with the contempt motion. Counsel for the DOL shall file his fee

application within fourteen (14) days of this order.

3. Southern Living is **ORDERED** to produce the records and documents requested by the administrative subpoena no later than **September 15, 2023,** at the Charlotte office of the DOL's Wage and Hour Division, located at 3800 Arco Corporate Drive, Suite 460, Charlotte, North Carolina 28273.

4. The statute of limitations for the DOL to bring an FLSA action against Southern Living shall be tolled from March 23, 2022, the date compliance with the subpoena was due, through the date on which Southern Living complies with the subpoena.

DOL shall serve a copy of this order on Southern Living by email to Mark Simmons and by Federal Express overnight delivery to Southern Living's principal place of business. DOL shall file proof of service within five days of the date of entry of this order. Not later than September 5, 2023, DOL shall file a report as to the status of Southern Living's compliance with this order.

**SO ORDERED**, this 24th day of August 2023.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE